T.C. Memo. 1997-546


UNITED STATES TAX COURT


CHARLES F. URBAUER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5323-95.                    Filed December 11, 1997.


Charles F. Urbauer, pro se.

Mark I. Siegel, for respondent.


MEMORANDUM OPINION

RAUM, Judge:  The instant matter is before us on petitioner's motion for reasonable administrative and litigation costs pursuant to section 7430[1] and Rule 231.  Neither party has requested a hearing on petitioner's motion.  Accordingly, we rule

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

on petitioner's motion on the basis of the parties' submissions and the record in the instant case as a whole. We incorporate by reference herein the portions of our opinion on the merits in this case, Urbauer v. Commissioner, T.C. Memo. 1997-227, that are relevant to our disposition of the motion.

On May 13, 1997, we issued our opinion on the substantive issues in the instant case. Pursuant to their divorce, petitioner and his ex-wife sold their marital home. They entered into an agreement under which the ex-wife was responsible for paying the taxes due from the sale of the marital home. No joint return was filed by petitioner and his ex-wife for the year in which the house was sold. We found that, despite their agreement, since the divorce court did not change the result of the operation of Michigan law, petitioner owned a one-half interest in the house and was responsible for half the taxes due. In the notice of deficiency, the Commissioner determined that petitioner owed taxes on 50 percent of the gain from the sale. However, in ill-advised reliance on Friscone v. Commissioner, T.C. Memo. 1996-193, the Government reduced its claim to only 25 percent of the taxes due on the gain. Accordingly, we held that petitioner was charged with tax on 25 percent of the gain from the sale of the family residence.

Generally, section 7430(a) provides for the award of reasonable administrative and litigation costs to a taxpayer who

is a prevailing party in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Code. Section 7430(c)(4)(A) requires that to be a "prevailing party", a taxpayer must establish that: (1) The position of the United States was not substantially justified; (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented; and (3) the taxpayer meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1994). Section 7430(b)(1) provides that an award of litigation costs may be made only where a taxpayer has exhausted available administrative remedies. No award of costs may be made with respect to any portion of an administrative or judicial proceeding that the taxpayer has unreasonably protracted, sec. 7430(b)(4), and the costs claimed must be reasonable in amount. Sec. 7430(c). Petitioner bears the burden of proving each of the above requirements has been satisfied.[2] Rule 232(e).

---

[2] Sec. 7430 was amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), effective with respect to proceedings commenced after July 30, 1996. The amendments to the section place on the Commissioner the burden of establishing that the position of the Commissioner was substantially justified. Sec. 7430(c)(4)(B). A judicial proceeding is commenced in this Court with the filing of a petition. Rule 20(a). Petitioner filed his petition on April 6, 1995. Accordingly, the amendments to sec. 7430 enacted by the Taxpayer Bill of Rights 2 do not apply here. Maggie Management

(continued...)

Respondent contends that petitioner has not demonstrated that the position of the United States was not substantially justified or that the amounts claimed are reasonable. Respondent concedes that petitioner has satisfied the other requirements for the award of reasonable litigation costs. We shall first address whether respondent's position was substantially justified.

Respondent's position is substantially justified if it has a reasonable basis in fact and law. Powers v. Commissioner, 100 T.C. 457, 470 (1993). The fact that the Commissioner loses or concedes the case does not mean that the Government's position was not substantially justified; however, it is a factor to be considered. Id. at 471. To show lack of substantial justification, petitioner must demonstrate "that the legal precedent does not substantially support respondent's position given the facts available to respondent." Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990).

Petitioner makes no substantive argument about the authority, or lack thereof, for respondent's legal position. He seems to assume that since a decision was entered under Rule 155, he is entitled to half the litigation and administrative costs. "The judge in the Trial Hearing (pg. 3 of Petitioner's Brief) suggested filing for Litigation and Administrative costs, if you

---

²(...continued)
Co. v. Commissioner, 108 T.C. 430 (1997).

win.  Both the IRS and Petitioner won 50%, therefore Petitioner files for ½ of his costs & time."

Even if petitioner had put forth a substantive argument, he would not be entitled to administrative and litigation costs in this case.  In the notice of deficiency, the Government took the position that petitioner was liable for 50 percent of the taxes due upon the sale of his marital home.  That position was taken because petitioner and his wife jointly owned the home, and the divorce court had not changed the ownership of the property in the property settlement accompanying the divorce decree.  Under Michigan law, unless the divorce decree provides otherwise, upon their divorce, married property owners become tenants in common. Mich. Stat. Ann. sec. 25.132 (Law. Co-op. 1992).

Shortly before the case was submitted to the Court, the Government conceded half of the deficiency relying, in error, on Friscone v. Commissioner, T.C. Memo. 1996-193.  In Friscone, the divorce court, constrained by a buy-sell agreement, divided ownership of stock between two divorcing spouses beneficially, by allocating the proceeds and the tax liability, rather than directly.  Id.  We subsequently held that the stock should be treated for tax purposes as though it had been divided outright. Id.  The Government mistakenly believed that the private agreement petitioner and his ex-wife entered into was entitled to the same consideration.  In Urbauer v. Commissioner, T.C. Memo.

1997-227, we noted that petitioner should have been liable for the taxes on 50 percent of the gain.  However, since the Government conceded 25 percent of the taxes due on the gain, we held the Government to its concession.  Id.

This case is unusual in that when the Government was seeking the larger deficiency amount, its position was legally correct. Its concession resulted in a windfall for petitioner; he avoided liability for taxes he otherwise legally would have owed.  Given the benefit to petitioner and given that the Court would have held for the Government had it maintained its original position, we hold that there was substantial justification for the Government's position.  Since we find for the Government on that issue, we need not consider whether the amounts claimed by petitioner as administration and litigation costs were reasonable.

To reflect the foregoing,

Petitioner's motion will be denied and order and decision will be entered in accordance with respondent's Rule 155 computation.